UNITED DISTRICT COURT
DISTRICT OF CONNECTICUT

Miguel Rivera
V.
Whitney C. Kubik
Edward Joy

JAN 12 2026 PM 1:56
FILED-USDC-CT-HARTFORD

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C section 1983 to redress the deprivation under color of state law of rights secured by the constitution of the united states. The court has jurisdiction under 28 U.S.C section 1331 and 1343 (a) (3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C section 2201 and 2202. Plaintiff claims for injunction relief are authorized by 28 U.S.C section 2283 and 2284 and rule 65 of the federal rules of civil procedures.

2. The district of Connecticut is an appropriate venue under U.S.C section 1391 (b) (2) because it is where the events rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff Miguel Rivera is and was at all times mentioned herein a prisoner of the state of Connecticut Department Of Corrections. He has been currently released from his confined sentence. Since Friday 3-28-25. Plaintiff was held prisoner for some time at these four correctional institutions: Hartford correctional; Cheshire correctional; Mac Dougall correctional; and Garner correctional.

## III. DEFENDANT

4. Defendant Whitney C kubik is plaintiffs state appointed representative. Who at all times mentioned in this complaint held the title and position of plaintiff Miguel Rivera's public defendant.

5. Defendant Edward Joy was plaintiff Miguel Rivera's first and previous state representative, before discharged of service and replaced by defendant Whitney C kubik. Who held the title and position of plaintiff Miguel Rivera's public defender.

## IV. FACTS

6. On 3-5-24 plaintiff Miguel Rivera was sentenced to 15 months to prison. Which on that day his court appointed representative; defendant Edward Joy was supposed to review, uphold, and guarantee plaintiff Miguel Rivera's constitutional rights. Defendant Edward Joy was assigned to plaintiff's legal case on approximately around 12-1-23; almost four months prior before plaintiff was sentenced. Defendant Edward Joy had sufficient time and preparation to review plaintiffs case; and to secure his constitutional rights. Which plaintiff Miguel Rivera was incompetence of the violations that would be imposed to his rights, following his sentence day; which Edward Joy knowingly allowed. With google its become increasingly easier to figure out key aspects to ones mittimus, such as the statue number, date of offense, double jeopardy, ineffective of counsel, ect.

7. Plaintiff Miguel Rivera was later transferred from Hartford correctional to Cheshire correctional institution on 3-6-24.

8. By 5-10-24 plaintiff Miguel Rivera notarized and mailed a petition for a writ of hebeas corpus-conviction proceeding/sentence calculation. As well as a second petition for writ of hebeas corpus-conditions of confinement/medical treatment. Where in the first hebeas for the conviction proceeding/sentence; plaintiff carefully and accurately explained the wrongful actions taken by defendant Edward Joy; the incorrect calculations to plaintiffs sentence, double jeopardy, ineffective of counsel and more. Where as in the hebeas for condition of confinement/medical, plaintiff solemnly explained in fearful concerns about herpes and various other ailments and diseases, in hopes that the light of justice would shine down.

9. Then by 7-22-24 Plaintiff Miguel Rivera once again was transferred from Cheshire correctional to Mac Dougall Correctional institution. Where plaintiff continued to submit inmate request forms to the medical staff of Mac Dougall, and continued to seek help in bringing his wrongful sentence to the attention of higher authorities. Around October of 2024 Edward Joy was dismissed from plaintiff Miguel Rivera's case, and defendant Whitney C Kubik was assigned to carefully comb, and protect plaintiffs case/rights.

10. Plaintiff Miguel Rivera had on two separate occasion a legal pro visit with his state appointed attorney, Whitney C Kubik. Where in with defendant Whitney C Kubik's first pro visit, which was held in Mac Dougall correctional; defendant Whitney C Kubik formally introduced herself, and assured plaintiff Miguel Rivera that she will do everything in her power to protect plaintiffs constitutional rights; that, moving forward from that day she will be reviewing and carefully handling plaintiffs case. Defendant Whitney C Kubik was fully aware of plaintiffs obvious constitutional violations; double jeopardy, incorrect calculated time sentence, ect.

11. On 11-13-24 plaintiff Miguel Rivera was wrongfully transferred from Mac Dougall correctional to Garner correctional. Where he spent 1 month in unit IPM. Where in defendant Teegan Ogiela was appointed as plaintiffs medical provider. Defendant Teegan Ogiela's job was to provide an accurate and detailed diagnosis of plaintiff Miguel Rivera's mental health and physical well being.

12. Not once, not twice, not three times, but on multiple occasions plaintiff Miguel Rivera had placed several legal calls from Mac Dougall correctional, and Garner correctional. In those calls plaintiff asked defendant Whitney C kubik about his case; double jeopardy, incorrect calculated sentence, and ineffective of counsel. And in every single call, defendant Whitney C Kubik was avoiding straight forward honest questions that determined plaintiff Miguel Rivera's constitutional rights. Defendant Whitney C Kubik insisted that the hebeas process would be over before and plaintiff Miguel Rivera would be released before anything would be resolved. And that there was no point in doing anything with his case.

13. Defendant Whitney C Kubik's second pro visit was toward Miguel Rivera's end of incarceration(held in Garner correctional). Prior to defendant Whitney's C Kubik's visit; she came to have plaintiff Miguel Rivera sign documentations to end her duties as plaintiffs public defender. Plaintiff Miguel Rivera refused to sign any documentations after explaining to defendant Whitney C Kubik that his sentence was still incorrectly calculated, and that the matter with double jeopardy has not been resolved. When Plaintiff Miguel Rivera asked about his violation of probation charges(double jeopardy) defendant Whitney C Kubik outright lied and told plaintiff Miguel Rivera that there was nothing wrong with his charges or case. Then when confronted about his incorrect calculated sentence, defendant lied again and told plaintiff Miguel Rivera that his sentence was correctly calculated and that there was no claim in the hebeas petition filed by plaintiff Miguel Rivera. Defendant Whitney C Kubik was fully informed by plaintiff Miguel Rivera about his constitutional violations multiple times, her

behavior at first was calm and shifty, but then as the conversation kept on going it became obvious that defendant Whitney C Kubik was lying.

14. instead of calculating plaintiff Miguel River's jail sentence by days, plaintiffs sentence was calculated by the months, not days. Adding unnecessary time to plaintiffs sentence. 15 months = 450 in days; 15 months counted by the months not days = 456.25 days. There is a difference when calculating an inmates sentence by calendar, and by Connecticut's standard. Connecticut counts a month by 30 days, and every single inmates time sentence is calculated by days, not months. Which defendant Whitney C Kubik told plaintiff Miguel Rivera that his sentence was calculated by the months not days. And that their was no claim to his calculated sentence, double jeopardy, ect. Further more the last time I checked, the key aspects to violating someones constitutional rights through double jeopardy held three main components to differentiate from a constitutional violation, and not a constitutional violation to a persons rights. To make things a little simple, plaintiff Miguel Rivera was charged to 15 months to imprisonment for violation of a protective order (which plaintiff still does not how how he violated a protective order nor which one it was.) which in turn violated his probation; which should have occurred one time, not twice. By violating plaintiffs protective order, plaintiff Miguel Rivera should have violated his probation only once, not twice. Hence violating plaintiff Miguel Rivera's constitutional rights, and imposing double jeopardy to his charges by adding a second count to his violation of probation. For ease of mind I have added the docket numbers, statue number, and the date of offense. Which at first glance it becomes obviously clear that plaintiff Miguel River's constitutional rights were violated on 3-5-24 when he was sentenced on that day.

DOCKET NUMBER: T19RCR190181002S; STATUE NUMBER: 53-32; DATE OF OFFENSE: 10-7-23; charged with violation of probation.
DOCKET NUMBER: T19RCR190181019S; STATUE NUMBER: 53-32; DATE OF OFFENSE: 10-7-23; charged with violation of probation.
DOCKET NUMBER: T19RCR200736912T; STATUE NUMBER: 53-32; DATE OF OFFENSE: 10-7-23; charged with violation of protective order.

15. Throughout plaintiff Miguel Rivera's incarceration, plaintiff not only tried to bring his wronged calculated sentence to light by advising to a higher power within the prison system; but he tried to have his wrongful conviction brought to the light in hopes that it would be resolved. Not only was plaintiff disregarded, harassed, and continuously targeted for unnecessary punishment for exercising his constitutional rights by those in higher power, but continuously lied to and mentally tortured for exercising his rights. In every request form that plaintiff Miguel Rivera submitted to the facilities he was confined to, he was repeatedly told that he was wrong about his charges, or calculated sentence. Even defendant Whitney C Kubik chimed in on the false information that was being injected to plaintiff Miguel Rivera's mental state. Plaintiff suffered serious and life threatening complications to his mental and physical health, chronic and ongoing painful headaches that had started to form while incarcerated; which has been a constant 24/7 symptom even after plaintiffs release from incarceration. Plaintiff was diagnosed with hashimoto's disease, which only occurred while in incarcerated (plaintiff had sought out STD/disease testing). Plaintiff was also told he was a diabetic, in which diabetes started to occur while incarcerated from high amounts of stress, unhealthy food/living conditions, and constant harassment. Plaintiff also complained about chronic stomach pains that led him to visit the medical unit of Cheshire, Mac Dougall, and Garner on multiple occasions. Intense back pains, that to this present moment is still affecting his overall state of daily life. It became so bad that plaintiff Miguel Rivera was labeled as delusional, just for exercising his rights. Things became extremely worse when plaintiff Miguel Rivera was wrongfully transferred to Garner correctional institution, where the more mentally unstable and problematic prisoners are sent. There while in Garner correctional plaintiff Miguel Rivera

faced the same response as the other facilities; he was met with hostile physical and verbal actions by the officers and medical employees of Garner correctional; where in Garner he was falsely diagnosed. While being in garner correctional a more intense treatment of harassment; no, mental torture is the appropriate description for what plaintiff Miguel Rivera endured. Repeatedly he was told he had intense mental disorders and was gravely disabled, contrary to his calm and polite demeanor. And was forced to take medication for his so called unstable mental health.

16. The actions of every defendant in this complaint has left plaintiff Miguel Rivera in a physical and emotional state of distraught. Which at the current moment he is facing serious painful symptoms, not only to his body, but to his emotional, and reputation. The chronic pains that plaintiff Miguel Rivera is facing to his stomach, spine, and brain, has robbed him of life's daily ease. The physical pain has made it difficult to do simple chores for prolonged periods of time. The emotional damage that plaintiff Miguel Rivera had endured has left him with social complications; and the defamation to his character has made it difficult to ensure a stable life from outside the prison system.

## V. LEGAL CLAIM

17. Defendant Whitney C Kubik violated plaintiff Miguel Rivera's fifth constitutional amendment by allowing plaintiff Miguel Rivera to be charged with double jeopardy; violated plaintiffs sixths constitutional amendment on multiple occasions, by her ineffective assistance of counsel. Even after plaintiff Miguel Rivera literally showed his mittimus pertaining to double jeopardy, and calculated his incorrect jail sentence for defendant Whitney C Kubik. Defendant deliberately, and maliciously disregarded plaintiff Miguel Rivera with prejudice intentions. Defendant Whitney C Kubik violated plaintiff Miguel Rivera's eighth constitutional amendment which states and constitute that it prohibits cruel and unusual punishment, and the due process clause of the fifth and fourteenth amendment requires fundamental fairness in legal proceedings.

18. Defendant Edward Joy violated plaintiff Miguel Rivera's fifth constitutional amendment by allowing plaintiff to be charged and convicted with double jeopardy, and depriving plaintiff Miguel Rivera of a fair legal trial, and of life, liberty, and or property. Defendant Edward Joy violated plaintiffs sixth constitutional amendment which states and constitute that it prohibits cruel and unusual punishments, and the due process clause of the fifth and fourteenth amendments require fundamental fairness in legal proceedings.

19. plaintiff Miguel Rivera has no plain, adequate remedy at law to redress the wrongs described herein. Plaintiff Miguel Rivera is in continuous and permanent pain everyday, even after his release from incarceration. Because of the wrongful actions of every defendant listed in this complaint, plaintiff is suffering 24/7 chronic headaches, stomach pains, spinal pain, has been diagnosed with hashimoto's disease, procured diabetes in prison due to stressful and unhealthy living conditions, unrelenting abuse/harassment, and psychological torture by defendants and officials within the prison system. Plaintiff Miguel Rivera has been and will continue to be irreparably injured by the conduct of the defendants and any other force written within this complaint, unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VI. PRAYER FOR RELIEF

20. WHEREFORE, plaintiff Miguel Rivera respectfully pray this court enter judgment.

21. Granting plaintiff Miguel Rivera a declaratory that the acts and omissions described herein violated his rights under the constitution and law of the United States and

22. a preliminary and permanent injunction ordering each and every defendant on this complaint to post pone them from practicing law and fine them a fee to re train and obtain their license to practice law.

23. Granting plaintiff Miguel Rivera compensatory against each defendant jointly and severally.

24. Plaintiff Miguel Rivera seeks punitive, and compensatory damages from defendants Whitney C Kubik, and Edward Joy in the amount of 500,000 jointly and severally. Plaintiff Miguel Rivera also seeks nominal damages.

25. Plaintiff Miguel Rivera also seeks a jury trial on all issues by jury.

26. Plaintiff Miguel Rivera also seeks recovery of their costs in this suit, and pro se litigant may be entitled to attorney fees and costs under the civil rights attorney fee award act of 1976, 90 stat, 2641, as amended 42 U.S.C 1988.

27. And any additional relief this court deems just, and proper and equitable.

DATED: December 18, 2025

respectfully submitted, Miguel Rivera

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters on information and beliefs, and as those I believe them to be true I certify under penalty of perjury that the foregoing is true and correct.

Executed in Vernon Rockville, Connecticut on December 18, 2025.